```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
MELINDA MALDONADO ROMAN,                                         :
                                                                 :
                              Plaintiff,                         :
                                                                 :      21-CV-6162 (JMF)
              -v-                                                :
                                                                 :      ORDER OF SERVICE
                                                                 :
NEW YORK CITY DEPARTMENT OF EDUCATION et                         :
al.,                                                             :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff, who is proceeding *pro se*, paid the filing fees to commence this action. She names as Defendants the New York City Department of Education ("DOE"), Carmen Toledo, and Dionne Belderes. As set forth below, the Court: (1) dismisses the DOE under the New York City Charter; (2) directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to substitute the City of New York for the DOE; and (3) directs the Clerk of Court to issue summonses as to the City of New York, Toledo, and Belderes.

## DISCUSSION

**A.     DOE**

Plaintiff's claims against the DOE must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City*

*of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

**B.     City of New York**

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the DOE with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**C.     Summonses**

The Clerk of Court is directed to issue summonses as to Defendants City of New York, Toledo, and Belderes. Plaintiff is directed to serve the summons and complaint on each Defendant within 90 days of the issuance of the summonses. If, within those 90 days, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

## CONCLUSION

The Court dismisses the DOE as a nonsuable entity under the New York City Charter and directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to substitute the City of New York as a defendant. The Court also directs the Clerk of Court to issue summonses as to the City of New York, Toledo, and Belderes. Finally, the Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated: September 9, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge