UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
MELINDA MALDONADO ROMAN,  :
:
                    Plaintiff,,  :
:          21-CV-6162 (JMF)
    -v-  :
:          ORDER
NEW YORK CITY DEPARTMENT OF EDUCATION,  :
et al.,  :
:
                    Defendants.  :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. See *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect

service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Raquel Pevey and Christy Curran through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

The Clerk of Court is further instructed to docket, as a new entry, the amended complaint that is attached to the letter in ECF No. 15.

Finally, the New York City Department of Education is directed to notify the Court within 30 days if it will waive service of the Complaint, as the City of New York has already been served.

SO ORDERED.

Dated: January 4, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Raquel Pevey
   PS 25X, 811 E 149th Street
   Bronx, New York, 10455

2. Christy Curran
   PS 25X, 811 E 149th Street
   Bronx, New York, 10455